UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL CARLOS GARCIA, CB0327,

Plaintiff,

v.

NBC UNIVERSAL MEDIA, LLC, et al.,

Defendant(s).

Case No. 26-cv-02000-CRB (PR)

**ORDER TRANSFERRING CASE TO CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

(ECF Nos. 2, 3 & 4)

Plaintiff Daniel Carlos Garcia, a prisoner at California State Prison, Corcoran ("CSP – COR") and frequent litigant in federal court, has filed a pro se complaint alleging various violations of his federal rights under 42 U.S.C. §§ 1983, 1985-86, and related violations of state law pursuant to this court's supplemental jurisdiction under 28 U.S.C. § 1367, against more than 70 defendants, including NBC Universal Media LLC, Warner Bros. Entertainment Inc., Amazon.com, Inc., the Riverside County District Attorney's Office, the City of Palm Springs Police Department and Tyson Wrensch, a private individual who co-wrote a book about Garcia. Because a substantial part of the events or omissions giving rise to Garcia's claims occurred in Riverside County, which lies within the venue of the Central District of California, Eastern Division, this action will be transferred to the Central District of California, Eastern Division.

**BACKGROUND**

Garcia claims to be the victim of a coordinated media campaign by media, government and private individual defendants that has harmed his reputation, unlawfully disclosed information about his childhood sexual abuse, and violated a protective order issued by the Riverside County Superior Court in connection with state criminal proceedings against him.

A. Garcia's Childhood Sexual Abuse

Garcia alleges that when he was a minor, he was sexually abused by businessman Thomas White in San Francisco. Comp. (ECF No. 1) ¶¶ 103, 122. According to Garcia, White was a

United States District Court
Northern District of California

"pedophile who operated child abuse enterprises spanning multiple countries." Id. ¶ 2. On or around 2003, Garcia reported White to federal authorities and filed a civil action against White in San Francisco County Superior Court. Id. ¶¶ 2, 122. White settled the case in 2005. See id. ¶ 126. The settlement agreement included a confidentiality and non-disparagement clause prohibiting White from suggesting that Garcia's abuse claims were fabricated, and a provision that bound White's successors to the agreement's terms. See id.

Around the same time, early to mid-2000s, White also faced in this court civil actions for sexual abuse brought against him by foreign victims and federal criminal charges for sex tourism and importation of child pornography. See id. ¶ 2; Mot. To Relate (ECF No. 4) at 1–3. To evade criminal prosecution, White fled the United States and eventually was extradited to Mexico, where he stood trial and was convicted and passed away in prison. See Compl. ¶ 2.

B. Garcia's Criminal Conviction and Protective Order

In 2009, Garcia was charged with the conspiracy murder for financial gain of retired art dealer and Palm Springs socialite Clifford Lambert. Id. ¶¶ 140–141. In 2012, he was convicted by a jury in Riverside County Superior Court and sentenced to life in prison. Id. ¶ 147.

Garcia filed a habeas petition challenging his conviction on the grounds that the assigned prosecutor, Deputy District Attorney ("DDA") Lisa DiMaria, along with the presiding judge, had tainted the trial by engaging in improper conduct. See id. ¶¶ 147, 150. The District Attorney ("DA") at the time, Michael Hestrin, filed a notice of non-opposition to the petition. Id. ¶ 150. In June 2020, the petition was granted and the case was remanded for retrial. Id. ¶ 151.

Upon retrial in 2023, Garcia again was convicted of conspiracy murder for financial gain in Riverside County Superior Court and again was sentenced to life in prison. Id. ¶ 155. Garcia's appeal of his second conviction is still pending in the California Court of Appeal. Id.

In August 2020, shortly after the case was remanded for retrial, Riverside County Superior Court Judge Anthony R. Villalobos issued a comprehensive order in connection with Garcia's retrial and possible appeal. Id. ¶ 156. The order includes a "gag order" provision restricting "both sides" from speaking to the media and/or giving interviews. Id. ¶¶ 156, 157. The order was issued to protect Garcia's right to a fair retrial and appeal. Id. ¶ 159.

C. Media Campaign Against Garcia

Garcia alleges that there has been a coordinated media campaign against him through three different mediums: a book by private individual defendants Tyson Wrensch and Sherrie Lueder published in 2013 ("Until Someone Gets Hurt"), a thirteen-episode podcast series released in 2025 ("American Hustlers"), and a national Dateline television episode broadcasted by NBC Universal in 2025 ("The Prince, The WhizKid and the Millionaire"). See id. ¶¶ 3–6, 275–76. These media projects allegedly present inaccurate, one-sided narratives that accuse Garcia of preying on White and Lambert and fabricating claims of sexual abuse for financial gain, among other false accusations. See id. ¶¶ 3, 189, 222. They also allegedly disclosed Garcia's sexual orientation, his status as a survivor of childhood sexual abuse, his private communications, and the details of his confidential settlement agreement with White. Id. ¶ 6. The podcast and Dateline episodes aired after Judge Villalobos's protective order was issued and while Garcia's appeal of his second conviction was pending. See id. ¶¶ 159, 188.

According to Garcia, all three media projects credited, featured, and/or obtained information from government officials that were involved in Garcia's criminal convictions in Riverside County Superior Court, including defendants DDAs DiMaria, Simon Min and Robert Hightower, and Detective Frank Browning, id. ¶¶ 163–67, 197, 274, all of whom worked for the Riverside County District Attorney's Office or the Palm Springs Police Department, id. ¶¶ 72–74, 79. DA Michael Hestrin allegedly stated in court filings that his deputies spoke to the media as part of an "intentional media strategy" by his office. Id. ¶ 168. Garcia claims that these government defendants knowingly and willfully violated Judge Villalobos's protective order and its gag order provision by contributing to the media projects, see id. ¶ 163, and that the media defendants encouraged the government defendants to violate the protective order, see id. ¶ 178.

D. Instant Action

In the instant action, Garcia sues numerous media, government and private individual defendants for various violations of his federal rights under 42 U.S.C. §§ 1983, 1985-86, and related violations of state law under 28 U.S.C. § 1367, including defamation, invasion of privacy and intentional infliction of emotional distress, in connection with the alleged coordinated media

campaign against him that violated the protective order issued by Riverside County Superior Court Judge Villalobos and prejudiced the result of the pending appeal of his second criminal conviction from Riverside County Superior Court.

Perhaps suspecting that the connection of the instant case with this district is tenuos, Garcia also filed a motion to relate the instant case to prior cases this court handled many years ago regarding the unlawful activities of White and his associates. According to Garcia, the cases should be related because they involve common facts regarding White's history of sexual abuse and because relating the instant case to the prior cases would promote judicial efficiency.

## DISCUSSION

Venue for Garcia's instant case is not proper in the Northern District of California. A substantial part of the events or omissions giving rise to Garcia's claims occurred in the Central District of California, Eastern Division, not in the Northern District of California. And Garcia's instant case is not sufficiently related to this court's prior (and long closed) cases regarding the unlawful activities of White and his associates to compel that it be heard in this district. Garcia's instant case will be transferred to the Central District of California, Eastern Division.

### A. Proper Venue

A civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The Northern District of California is not a proper venue in which Garcia's case may be brought under § 1391(b). Under § 1391(b)(1), a civil action may be brought in the Northern District of California if any defendant resides in the Northern District of California, <u>and</u> all defendants reside in the State of California. But while most of the named defendants in Garcia's

United States District Court
Northern District of California

action reside in California, several – including the co-authors of the book/media project "Until Someone Gets Hurt" – reside in other states, including New York, Nevada and Wisconsin. See Compl. ¶¶ 31, 59, 60. Garcia's action accordingly may not be brought in the Northern District of California pursuant to § 1391(b)(1).

Under § 1391(b)(2), a civil action may be brought in the Northern District of California if a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of California. But the events giving rise to Garcia's claims in the instant action primarily occurred in Riverside County, which lies within the venue of the Central District of California, Eastern Division. See 28 U.S.C. § 84(c)(1). The gravamen of Garcia's complaint is that a coordinated media campaign against him during his state criminal trials and appeals in Riverside County Superior Court defamed him and violated Judge Villalobos's protective order and prejudiced the result of his second criminal conviction's pending appeal. While the media broadcasts occurred nationwide, Garcia's criminal trials and appeals occurred (or are pending) in Riverside County, the protective order allegedly violated was issued by a Riverside County superior court judge and the government defendants who allegedly worked with the media defendants to defame Garcia and knowingly violated the protective order, namely Riverside County DDAs DiMaria, Min and Hightower and Detective Browning, did so in Riverside County. A substantial part of the events or omissions giving rise to Garcia's claims accordingly may be said to have occurred in the Central District of California, Eastern Division.

But the same cannot be said of the Northern District of California. The only event that occurred in this district in connection with Garcia's claims of a coordinated media campaign against him during his criminal trials and appeals in Riverside County Superior Court is White's (or White's successor's) alleged improper disclosure of the terms of the 2005 settlement agreement in Garcia's civil suit against White in San Francisco County Superior Court. This event is not enough to fairly characterize as a substantial part of the events or omissions giving rise to Garcia's central claims that the Riverside County government defendants worked with the media defendants to defame Garcia and knowingly violated Riverside County Superior Court Judge Villalobos' protective order and prejudiced Garcia's pending appeal of his second Riverside

United States District Court
Northern District of California

County Superior Court criminal conviction. The events or omissions by the Riverside County government defendants and the media defendants giving rise to Garcia's central claims primarily occurred in Riverside County.

Under 28 U.S.C. § 1391(b)(3), a civil action may be brought in the Northern District of California if any defendant is subject to the court's personal jurisdiction and there is no district in which the action may otherwise be brought. But § 1391(b)(3) is inapplicable here because, as explained above, this action may be brought in the Central District of California, Eastern Division, pursuant to 28 U.S.C. § 1391(2).

If a case is not filed in a proper venue, the district court has discretion either to dismiss the case or transfer it to a proper federal court "in the interest of justice." 28 U.S.C. § 1406(a). In the interest of justice, this case will be transferred to the Central District of California, Eastern Division pursuant to § 1406(a). It also will be transferred to the Central District of California, Eastern Division pursuant to § 1404(a) for "the convenience of parties and witnesses, in the interest of justice," because Garcia's central claims primarily occurred in Riverside County. <u>See</u> <u>Monegro v. Rosa</u>, 211 F.3d 509, 512-13 (9th Cir. 2000) (§ 1404(a) serves as statutory substitute for <u>forum non conveniens</u> in federal court when alternative forum is within U.S. territory).

B. <u>Relatability</u>

Garcia's motion to relate this case to prior (and long closed) cases this court handled many years ago regarding the unlawful activities of White and his associates (ECF No. 4) is DENIED. Garcia's instant case alleging sweeping claims of a coordinated media campaign against him by more than 70 defendants that defamed him, violated the protective order issued by Riverside County Superior Court Judge Villalobos and prejudiced the result of the pending appeal of his second criminal conviction from Riverside County Superior Court does not concern substantially the same parties, property, transaction(s) or event(s) as any of the prior (and long closed) cases this court handled many years ago regarding the unlawful activities of White and his associates. <u>Cf.</u> N.D. Cal. Civ. L. R. 3-12 (case is related to another when: "(1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are

conducted before differing Judges."). Nor is it likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if Garcia's instant case is conducted in a different court (and by a different judge) than White's cases were conducted twenty or more years ago. Cf. id.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that, in the interest of justice and pursuant to 28 U.S.C. §§ 1406(a) and 1404(a), this action be TRANSFERRED to the United States District Court for the Central District of California, Eastern Division.

The clerk shall transfer this matter forthwith and terminate all pending motions (ECF Nos. 2, 3 & 4). The motion to relate (ECF No. 4) is denied with prejudice but the other motions (ECF Nos. 2 & 3) are dismissed without prejudice to re-noticing in the Central District.

**IT IS SO ORDERED**.

Dated: August 19, 2026

CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California